JAMES J. MCDONALD, ADMINISTRATOR (ESTATE OF
BABY BOY MCDONALD), ET AL. *v.* HAYNES
MEDICAL LABORATORY, INC., ET AL.
(11063)

SPEZIALE, C. J., HEALEY, SHEA, GRILLO and MENT, Js.

Argued December 1, 1983—decision released February 28, 1984

*Sanford J. Plepler,* with whom, on the brief, was
*Elisa L. Anastasio,* for the plaintiffs.

*Ralph G. Eddy,* for the named defendant.

SHEA, J. With the consent of the parties, the trial court has presented to this court by reservation[1] three questions of law. They are:

"(1) Is a cause of action which sounds in medical malpractice and which has been commenced more than three years from the date of the negligent act or omission complained of, barred by the statute of limitations, General Statutes § 52-584, if the plaintiff did not discover and could not, in the exercise of care, reasonably have discovered the nature of her injuries within three years from the date of the negligent act or omission complained of?

"(2) Does the representative of the estate of a deceased child have a cause of action under Connecticut General Statutes § 52-555 (Wrongful Death Statute) where the negligent act claimed to be the proximate cause of the injuries resulting in death occurred before the child was conceived?

"(3) May the representative of the estate of a deceased child bring a cause of action under Connecticut General Statutes § 52-555 more than three years after the negligent act or omission complained of, where the child was not conceived until more than three years after the negligent act or omission complained of?"

The parties have stipulated to the following facts: In 1966 the plaintiff Jane McDonald was given blood tests by the defendant Haynes Medical Laboratories, Inc., and diagnosed as having type O, RH-positive blood.

---

[1] "[General Statutes] Sec. 52-235. RESERVATION OF QUESTIONS OF LAW. (a) The superior court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the supreme court in all cases in which an appeal could lawfully have been taken to the supreme court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the supreme court."

On July 7, 1973, she gave birth to a baby boy. The child was born in an erythroblastic condition due to RH-factor incompatability, and died that day from erythroblastosis fetalis.[2] The Manchester Memorial Hospital performed a blood test and discovered that Jane McDonald was in fact blood type O, RH-negative.

The plaintiffs[3] filed suit in July, 1975, against five defendants, four of whom have settled the claims against them. The only remaining defendant is Haynes Medical Laboratory, Inc.

I

General Statutes §§ 52-584[4] and 52-555[5] are identical with respect to the language used by the General

---

[2] Erythroblastosis fetalis occurs when an RH-negative mother, who has developed RH-antibodies from previous pregnancies or other sources, conceives an RH-positive fetus. During this pregnancy the mother's RH-antibodies cross the placenta and attack the baby's red blood cells. The destruction of the baby's red blood cells can eventually result in death. See Public Health Service, National Institute of Health, U.S. Department of Health and Human Services, Pub. No. 81-1949 Medicine for the Layman, Blood Transfusions: Benefits and Risks 24-25 (1981); 5B Lawyer's Medical Cyclopedia § 37:15e (Rev. 1972).

[3] James McDonald was appointed administrator of the baby boy's estate and filed suit as representative of the estate. Jane McDonald filed suit on her own behalf.

[4] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[5] General Statutes § 52-555 provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be

Assembly to limit the time for bringing specific causes of action: Suit must be filed "within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."[6]

In *Vilcinskas v. Sears, Roebuck & Co.,* 144 Conn. 170, 127 A.2d 814 (1956), this court, interpreting the predecessor of § 52-584 (General Statutes [1949 Rev.] § 8324),[7] stated, "the words 'act or omission complained of' in § 8324 are intended to mean something different from injury or damage. The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage." Id., 173; accord *Dincher v. Marlin Firearms Co.,* 198 F.2d 821 (2d Cir. 1952); cf. *Prokolkin v. General Motors Corporation,* 170 Conn. 289, 296–97, 365 A.2d 1180 (1976) (interpreting General Statutes § 52-577). We also acknowledged the anomalous possibility that the statutory time limit for bringing suit could expire before any injury was sustained. *Vilcinskas v. Sears, Roebuck & Co.,* supra, 175.

brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."

[6] General Statutes § 52-584 provides an additional exception not provided for in General Statutes § 52-555: "except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[7] General Statutes (1949 Rev.) § 8324 provided: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, chiropodist, chiropractor, hospital or sanatorium, shall be brought but within one year from the date of the act or omission complained of, except that a counter-claim may be interposed in an action which has been brought within the year at any time before the pleadings in such action are finally closed."

In 1957, the General Assembly responded to this problem by passing Public Acts 1957, No. 467, which provided in pertinent part: "No action to recover damages . . . shall be brought but within one year from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, *and except that no such action may be brought more than three years from the date of the act or omission complained of . . . .*" (Emphasis added.) At the same time the General Assembly enacted Public Acts 1957, No. 532, which repealed the prior wrongful death statute and replaced it with a new statute that extended the permissible period for bringing suit.[8] It is noteworthy that the language used by the General Assembly was exactly the same as used in Public Acts 1957, No. 467, a fact recognized by the Senate.[9]

---

[8] Public Acts 1957, No. 532 was codified as General Statutes (1958 Rev.) § 52-555: "Sec. 52-555. ACTIONS FOR INJURIES RESULTING IN DEATH. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within one year from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."

When the bill was presented to the Senate, Senator John H. Filer remarked, "[i]t's [the bill] a similar bill to the one we put through on negligence and malpractice actions." See 7 S. Proc., Pt. 6, 1957 Sess., p. 3297.

[9] See footnote 7, supra. In 1969, Public Acts 1969, No. 401 was enacted, repealing both General Statutes §§ 52-555 and 52-584, and substituting a new bill that extended the one year limitation to two years:

"SECTION 1. Section 52-555 of the general statutes is repealed and the following is substituted in lieu thereof: In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within [one year] *two years*

It is apparent from the recent history of both General Statutes §§ 52-555 and 52-584 that the General Assembly intended both statutes to have the same effect. The cause of action, whether brought in the party's individual capacity (§ 52-584) or in a representative capacity (§ 52-555), must be filed no later than three years from "the act or omission complained of." See also General Statutes § 52-577.

Despite the fact that the General Assembly spoke in clear and precise language previously interpreted by this court; cf. *Sawyer Savings Bank* v. *American Trading Co.,* 176 Conn. 185, 189, 405 A.2d 635 (1978) (legislature presumed to know of relevant legislation as judicially construed); the plaintiffs, relying upon cases from other jurisdictions,[10] would have this court "balance the equities between the rights of an injured plaintiff and the rights of a defendant to defend . . . against stale claims," and except from the statutes' coverage instances where the injury is inherently undiscoverable. We have no such authority.

from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.

"SEC. 2. Section 52-584 of the general statutes is repealed and the following is substituted in lieu thereof: No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within [one year] *two years* from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.

"SEC. 3. This act shall take effect October 1, 1969, and shall apply only to injuries first sustained on or after said date."

[10] *Tomlinson* v. *Siehl,* 459 S.W. 2d 166 (Ky. 1970); *Ayers* v. *Morgan,* 397 Pa. 282, 154 A.2d 788 (1959); *Teeters* v. *Currey,* 518 S.W.2d 512 (Tenn. 1974).

At the outset we note that the plaintiffs' reliance on the cases cited in their brief is misplaced. It is true that those cases hold that the statute of limitations does not run until the date the injury occurs; but in each case the courts were discussing an accrual[11] or discovery statute of limitations quite unlike §§ 52-555 and 52-584.[12]

The statutes in question are clear on their face and the language employed has previously been construed by this court. Apart from modifications not relevant to

[11] In *Teeters* v. *Currey,* 518 S.W.2d 512 (Tenn. 1974), the applicable statute provided in pertinent part: "Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued."

In response to the decision in *Teeters* v. *Currey,* the legislature enacted the Medical Malpractice Review Board and Claim Act, Tenn. Code Ann. § 23-3401 et seq., and superimposed a three-year ceiling on all causes of action for medical malpractice. See *Braden* v. *Yoder,* 592 S.W. 2d 896 (Tenn. App. 1980). The applicable section now provides in pertinent part:

"(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.

"(2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

"(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists."

[12] See *Teeters* v. *Currey,* 518 S.W.2d 512 (Tenn. 1974) (construing "commenced within one (1) year after cause of action accrued"); *Tomlinson* v. *Siehl,* 459 S.W.2d 166 (Ky. 1970) (construing "within one year after the cause of action accrued"); *Ayers* v. *Morgan,* 397 Pa. 282, 154 A.2d 788 (1959) (construing "within two years from the time the injury was done . . . .").

This court has expressly recognized the distinctive characteristic of the language used in both General Statutes §§ 52-555 and 52-584. See *Prokolkin* v. *General Motors Corporation,* 170 Conn. 289, 294-97, 365 A.2d 1180 (1976); see generally 80 A.L.R. 2d 368, "Statute of Limitations Malpractice" (1961).

the present case, the statutes have remained unchanged for more than a quarter of a century. It is not the function of this court to alter the will of the legislature merely because the results are unfair. *Penfield* v. *Jarvis,* 175 Conn. 463, 474–75, 399 A.2d 1280 (1978). Instead it is our duty to construe the language as used by the legislature. *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433 A.2d 1009 (1980), and cases cited therein. Absent any indication that the General Assembly no longer intends the phrase "from the date of the act or omission complained of" to be construed in accordance with our decision in *Vilcinskas* v. *Sears, Roebuck & Co.,* supra,[13] we hold that the three year limitation of General Statutes §§ 52-555 and 52-584 begins to run from the date of the negligent act.

Our answer to Question 1 is Yes.

Our answer to Question 3 is No.

Because of the disposition of this case, we express no opinion on Question 2.

No costs will be taxed in this court to either party.

In this opinion HEALEY, GRILLO and MENT, Js., concurred.

SPEZIALE, C. J. (concurring). I concur with the majority's answers to both questions. As previous cases hold, General Statutes §§ 52-584 and 52-555 require that medical malpractice and wrongful death claims must be brought within three years of the act or omission complained of, regardless of whether any injury was sustained or was reasonably discoverable within that time.

---

[13] On March 8, 1983, hearings were held on Committee Bill No. 6949, which would have removed the three year limitations imposed on both General Statutes §§ 52-555 and 52-584. See Joint Standing Committee Hearings, Judiciary, Pt. 2, 1983 Sess., pp. 510–14, 524–27, 547–48, 573–74, 579–86, 594–97. The bill died in committee.

I write separately to emphasize that the reserved questions ask only for our interpretation of those statutes. They do not question, and therefore we do not decide, whether either statute withstands a challenge based on article first, § 10, of the Connecticut constitution, which provides: "All courts shall be open, and every person, for an *injury* done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." (Emphasis added.) See *Gentile* v. *Altermatt,* 169 Conn. 267, 282–87, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976). Other states have held that statutes of limitations that begin to run before the occurrence of any injury violate state constitutional provisions similar to ours. See, e.g., *Jackson* v. *Mannesman Demag Corporation,* 435 So. 2d 725 (Ala. 1983); *Lankford* v. *Sullivan, Long & Hagerty,* 416 So. 2d 996 (Ala. 1982); *Diamond* v. *E. R. Squibb & Sons, Inc.,* 397 So. 2d 671 (Fla. 1981); *Overland Construction Co.* v. *Sirmons,* 369 So. 2d 572 (Fla. 1979); *Saylor* v. *Hall,* 497 S.W.2d 218 (Ky. 1973).