LOIS K. STEIN *v.* LESTER KATZ, ADMINISTRATOR
(ESTATE OF I. S. BROWNSTEIN)
(13767)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued November 9—decision released December 26, 1989

*Mark R. Leder,* for the appellant (plaintiff).

*Timothy F. Woodbridge,* for the appellee (defendant).

SHEA, J. This appeal comes to us on a reservation by the trial court of three questions relating to the interpretation and constitutionality of the prohibition contained in General Statutes § 52-584[1] against bringing an action for malpractice "more than three years from the act or omission complained of." We uphold the validity of this provision under the particular circumstances of this case and construe it to bar those claims of the plaintiff that are based upon any acts of malpractice that occurred more than three years before commencement of the suit.

The pertinent facts have been stipulated and are undisputed. The plaintiff, Lois K. Stein, began this malpractice action by serving the defendant administrator's decedent, I. S. Brownstein, on October 1, 1984. Brownstein, a dentist, had treated the plaintiff as a patient from 1947 until January 3, 1984, but he retired

---

[1] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

from his practice soon after her last visit. He died on March 17, 1987, while this action was pending, and the defendant administrator was substituted as a defendant.

The complaint alleges various acts of negligence against Brownstein, including improper use of silicate fillings and inadequate root canal work. Most of these allegedly negligent procedures were performed more than three years before the date this action began, October 1, 1984.

The plaintiff claims that she could not reasonably have discovered that Brownstein had been negligent in treating her until July 10, 1984, after his retirement, when she visted the two dentists who had taken over his practice. She then learned that she needed additional root canal therapy for several teeth previously treated by Brownstein, replacement of several tooth restorations he had made, and other dental work upon teeth he had treated.

Because many of the negligent acts relied upon by the plaintiff occurred more than three years before suit, the questions reserved as to the interpretation and validity of the three year bar contained in § 52-584, which has been pleaded as a special defense, will significantly affect the ultimate outcome of the action.[2] "[I]t appears that their present determination would be in the interest of simplicity, directness and economy of judicial action." Practice Book § 4147. Accordingly, we respond to the questions reserved.

## I

The question involving the interpretation of § 52-584 is as follows: "Should the three year period of repose contained in § 52-584 of the Connecticut General Stat-

---

[2] The parties stipulated to a reservation because of problems concerning the applicability of General Statutes § 52-584 arising after the trial had commenced. The trial court declared a mistrial upon ordering the reservation.

utes as applicable to a dental malpractice claim be deemed to run from the date the Plaintiff discovered or reasonably should have discovered the actionable nature of the acts or omissions complained of?'' We answer ''no'' to this question, relying upon our decision in *McDonald* v. *Haynes Medical Laboratory, Inc.,* 192 Conn. 327, 471 A.2d 646 (1984).

In *McDonald,* the negligent act relied upon, an erroneous blood type analysis made by a laboratory, had occurred more than three years before the birth of a child whose death may have been caused by reliance upon the laboratory's incorrect report of his mother's blood type as RH-positive. Despite the fact that the error could not reasonably have been discovered within three years after it had occurred, we concluded that the language as well as the legislative history of § 52-584 clearly indicated that the three year bar should run from the date the negligent conduct occurred and not the date when the claimant first sustained damage or discovered or should reasonably have discovered the wrong.

The plaintiff's brief suggests no basis for distinguishing *McDonald* but is devoted exclusively to challenging the constitutionality of the three year limitation of § 52-584. She has offered no explanation for the legislature's use of the phrase ''the date of the act or omission complained of '' as the event triggering the running of the three year bar, if it were intended to mean simply ''the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered,'' from which the two year bar is measured. We affirm our holding in *McDonald* that § 52-584 must be construed to bar malpractice actions not commenced within three years after the act or omission complained of, even where the plaintiff could not reasonably have discovered the basis for a claim within that period.

## II

The constitutional issue is raised by the following question: "Is the three year period of repose contained in § 52-584 of the Connecticut General Statutes unconstitutional as violating the so-called remedy clause, that is Article First, Section 10 of the Connecticut State Constitution if it operates to cut off some or all of the Plaintiff's claims prior to the time she discovered, or in the exercise of reasonable care should have discovered, that she had sustained injury?" Related to that question is another, upon which the answer to the constitutional question depends: "Does the three year period of respose contained in § 52-584 of the Connecticut General Statutes in fact abrogate any common law or statutory rights of action that existed in 1818 when what is now Article First, Section 10 of the Connecticut Constitution was first adopted in view of the death of Dr. Brownstein, pendente lite, and the survival of Plaintiff's cause or right of action solely by virtue of the provisions of § 52-599 of the Connecticut General Statutes?" Because we answer the latter question in the negative, we also answer the former question in the negative.

In arguing her claim of a constitutional violation, the plaintiff relies mainly upon the concurring opinion of former Chief Justice Speziale in *McDonald,* suggesting a possible conflict between our interpretation of § 52-584 and the provision of article first, § 10, that "[a]ll courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law." She maintains that § 52-584 cannot constitutionally be applied to bar a personal injury suit where the basis for the action could not reasonably have been discovered within the three years allowed by the statute for bringing an action.

In *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 582–86, 512 A.2d 893 (1986), we considered a similar issue in relation to General Statutes § 52-577a, which bars product liability suits brought more than ten years after the defendant had last parted with possession or control of the product. We upheld the validity of the statute as applied to an employee injured by a machine sold to his employer more than ten years before the injury had occurred. We assumed that the employee-plaintiff's statutory product liability claim "could be linked to the preconstitutional common law action of trespass on the case and, as such, could be considered a constitutionally incorporated common law right," which article first, § 10, prevents the legislature from abolishing. Id., 585; see *Gentile* v. *Altermatt,* 169 Conn. 267, 286, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976). We concluded, nevertheless, that, since the injured plaintiff was eligible for workers' compensation, the benefits of which had been increased at the time § 52-577a was enacted, the legislature had provided a reasonable alternative to the postulated common law right, as article first, § 10, had been construed to permit. *Daly* v. *New Britain Machine Co.,* supra. Accordingly, we rejected the plaintiff's challenge to the validity of § 52-577a as applied to a claimant whose cause of action did not arise until after expiration of the period allowed for its commencement.

In the present case we need not consider whether there are any legislatively created alternatives that are available to the plaintiff,[3] because we are convinced that

---

[3] The defendant does not claim that any such alternatives exist, but he does raise an additional claim that, in this state, at common law prior to the adoption of our constitution in 1818, an action for trespass on the case, such as the plaintiff's claim of malpractice, would have been subject to the bar of a six year statute of limitations that had been enacted in England in 1623, 21 Jac. I, ch. 16, § 3, and had become part of our common law. We do not address this issue because it is not necessary to do so in order to answer the questions reserved.

her action, as a result of Brownstein's death while it was pending, would not have been viable at common law and, therefore, does not qualify for the protection afforded by article first, § 10, against legislative abolition. At common law every suit, whether founded on contract or tort, abated on the death of the plaintiff or the defendant before judgment. *Merwin* v. *Merwin,* 75 Conn. 8, 10, 52 A. 614 (1902); *Barton* v. *New Haven,* 74 Conn. 729, 730, 52 A. 403 (1902). In this state in 1818, when article first, § 10, was adopted as part of our constitution, the common law rule had been modified by statute with respect to actions that "might be originally prosecuted" against a defendant's estate. General Statutes (1808 Rev.) tit. II, c. 1, § 3. An injury to the person, however, would not survive against the administrator or executor of a defendant. *Payne's Appeal,* 65 Conn. 397, 400, 32 A. 948 (1895); *Deming* v. *Taylor,* 1 Day (Conn.) 285, 287 (1804); *M'Evers* v. *Pitkin,* 1 Root (Conn.) 216, 216–17 (1790). It was not until 1903 that our survival statutes were amended in such a manner as to permit the plaintiff to maintain her suit against the defendant administrator. Public Acts 1903, c. 193, p. 149. Since her action could not have been maintained prior to 1818 when article first, § 10, became effective, however, it does not seek to implement a "constitutionally incorporated common law right" exempt from the application of § 52-584. *Daily* v. *New Britain Machine Co.,* supra, 585.

In *Ecker* v. *West Hartford,* 205 Conn. 219, 530 A.2d 1056 (1987), where the death of the plaintiff's decedent had occurred in the collapse of a structure that had been completed seven years earlier, this court rejected a claim that a provision of our wrongful death statute, General Statutes § 52-555, barring any such action "brought more than three years from the date of the act or omission complained of" violated the right to a

remedy for injury to the person established by article first, § 10. The three year period for bringing a wrongful death action had expired before the accident occurred. Because a wrongful death action could not have been maintained at common law and no statute creating such an action was in existence in 1818, when article first, § 10, was adopted, we held that the right asserted by the plaintiff administratrix had not become incorporated into the Connecticut constitution by virtue of that provision and was not insulated against legislative restriction or abolition. In the present case we hold similarly that, since the plaintiff's suit against Brownstein at common law would have abated upon his death, the application of the three year bar of § 52-584 with respect to negligence that has occurred prior to that period does not infringe upon article first, § 10.

We conclude that each of the three questions reserved must be answered in the negative.

No costs shall be taxed to either party.

In this opinion the other justices concurred.