[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff commenced this action on March 19, 1992 to recover under two payment bonds issued by Covenant Mutual Insurance Co. ("Covenant"). The defendants have moved to dismiss the First Count of the complaint on the grounds that the court had no jurisdiction over said count because the action was not commenced within the time required by 49-42 of the Connecticut General Statutes.
The complaint alleges that on or about October 31, 1989, Major Machinery Corporation ("Major Machinery") entered into a rental agreement with DeVito Brothers Excavators ("DeVito") for the rental of one new Trojan Model 2000Z Loader. The loader was used on two sewer construction projects for the Town of Hebron Water Pollution Control Authority. Pursuant to Conn. Gen. Stat.49-41, payment bonds were issued for the two contracts by Covenant as surety for DeVito. The plaintiff alleges that DeVito ceased its rental of the loader on February 13, 1990 and that DeVito failed to pay rent to Major Machinery for five months totalling $18,900. The plaintiff further alleges that or March 1, 1990 it made demand on Covenant through its agent, defendant Woodland Brokers, Ltd. ("Woodland") that Covenant pay Major Machinery $18,900 pursuant to the bond.
Section 49-42(b) provides:
 Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit, but no such suit may be commenced after the expiration of one year after the day on which the last of the labor was performed or the material was supplied by the claimant.
In this case, the plaintiff has admitted that the rental of the loader for which it seeks payment ceased on February 13, 1990. Paragraph 5 of the Complaint. However, this suit was not brought until more than two years after this date.
In American Masons Supply Company v. F. W. Brown Co.,174 Conn. 219 (1978), the Supreme Court stated:
 The provision of section 49-42 affected by Public Act No 192, which sets forth the time limitation within which suit must be commenced under the statute, therefore, is not to be treated as an ordinary statute of limitation, but as jurisdictional requirement establishing a condition precedent to maintaining an action under that section. Id. at 224.
CT Page 7461
The plaintiff argues that Section 49-42 was changed substantively in 1987 and that the following change is significant to this case:
 within 90 days after service of the notice of claim, the surety shall make payment under the bond and satisfy the claim, or any portion of the claim which is not subject to a good faith dispute, and shall serve a notice on the claimant denying liability for any unpaid portion of the claim.
The plaintiff argues that since Covenant did not serve a notice of declination under Section 49-42(a), the limitation period of Section 49-42(b) did not start to run. This argument overlooks the unequivocal language of Section 49-42(b), which provides that no suit may be commenced after the expiration of "one year after the day on which the last of the labor was performed or material was supplied by the claimant." The legislature could have amended section 49-42(b) to provide that the one year limitation period would begin to run when the surety filed a declination notice. It did not do so. The court must interpret the statute as written. Orticelli v. Powers,197 Conn. 9, 13-14, 495 A.2d 1023 (1985); McDonald v. Haynes Medical Laboratory, Inc., 192 Conn. 327, 334, 471 A.2d 646 (1984).
The plaintiff did not commence the action within one year of the last date material was supplied. Therefore, the plaintiff has failed to satisfy a jurisdictional requirement of Section 49-42 and the motion to dismiss is granted.
BY THE COURT, AURIGEMMA, J.