[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the motion for summary judgment filed by the defendant, City of Meriden; said motion is directed to Count Three. Said motion should be granted.
Plaintiffs allege that on November 28, 1979, the defendant City of Meriden (hereinafter "Meriden") approved an application for construction of a subdivision; the residential property of the plaintiffs abuts the subdivision. Plaintiffs allege further that their property sustained severe water damage from rainfall on July 24, 1988 because the builder of the subdivision, co-defendant Modern Home Construction Corporation, failed to provide adequate water drainage.
On February 27, 1989, plaintiffs filed a three-count complaint sounding in negligence. Counts One and Two are against co-defendants Modern Home Construction Corporation and Albert DeDominics, a corporate officer of Modern Home Construction Corporation. Count Three is against Meriden, in substance alleging that the city was negligent in approving the subdivision application, because the city "should have known that the construction afforded inadequate drainage and would result in water damage to the Gomez property."
On March 29, 1989, Meriden filed an answer and special defenses. Plaintiffs filed an answer to Meriden's special defenses on April 4, 1989, thereby closing the pleadings between plaintiffs and Meriden.
On June 9, 1991, Meriden moved for summary judgment as to Count Three of plaintiffs' complaint on the grounds that: 1) the count is barred by the statute of limitations; 2) plaintiffs failed to exhaust administrative remedies; and 3) the count is barred by the doctrine of governmental immunity. Meriden's motion was accompanied by a memorandum of law and supporting exhibits, including an affidavit, deposition excerpts, responses to interrogatories and requests for production, and copies of city documents.
On August 7, 1992, plaintiffs filed an objection to Meriden's motion for summary judgment, along with a memorandum of law and supporting exhibits, including copies of city documents and deposition excerpts.
A motion for summary judgment may be used to challenge the legal sufficiency of a pleading. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). Summary judgment shall be rendered "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material CT Page 8604 fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
(1987). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." (Citations omitted.) Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., 247, quoting Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
Plaintiffs argue in their memorandum of law that: 1) the statute of limitations should run from 1988 because: a) the statute is a discovery rule and 1988 is when plaintiffs became aware of the injury to their property, and b) the injurious acts of Meriden were continuous in that Meriden reissued the subdivision approval in 1985, and plaintiffs complained to Meriden on several occasions through 1988 about potential water problems; 2) plaintiffs were not aggrieved in 1979 and could not have pursued administrative remedies; and 3) Meriden's acts are not protected by governmental immunity.
The basic purpose of statutes of limitations is promoting finality in the litigation process. Pintavalle v. Valkanos,216 Conn. 412, 417.
The statute of limitations for negligence actions is governed by General Statutes 52-584, which provides in pertinent part:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
(Emphasis added.) General Statutes 52-584. CT Page 8605
The Supreme Court reviewed 52-584 in McDonald v. Haynes Medical Laboratory, Inc., 192 Conn. 327, and reaffirmed that: "The cause of action . . . must be filed no later than three years from `the act or omission complained of.'" Id., 332. "`The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage.'" Id., 330, quoting Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 173.
In this case, the negligent act or omission by Meriden that plaintiffs allege in their complaint is approval of the subdivision or reissued subdivision approval. Said subdivision was first approved in 1979, and in 1985 Meriden reissued subdivision approval. The present action was instituted in 1989. Therefore, Count Three against Meriden is barred by the three year statute of limitations for negligence whether act or omission is the first approval or the reissued subdivision approval.
Accordingly, Meriden's motion for summary judgment as to Count Three is granted.
Ronald J. Fracasse, Judge