[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO VACATE AND/OR REARGUE
The plaintiff in this action has filed a motion dated February 4, 1994 to reargue and to vacate a previous order entered on January 18, 1994, which summary judgment was granted in favor of the defendant on the ground that the plaintiff's cause of action for legal malpractice was barred because it had been brought more that three years "from the date of the act or omission complained of" within the meaning of § 52-577 of the General Statutes. The ground for her motion, which was not briefed or argued at the time the motion for summary judgment was heard and ruled upon, is that the tort statute of limitations is unconstitutional as applied to the plaintiff under the facts of this case because it deprives her of the constitutional right to redress under article first, § 10 of the state constitution.
The underlying facts are not substantially disputed, having already been fully stated in the court's memorandum of decision filed this date pursuant to § 4059(a) of the Practice Book, and they are incorporated by reference as fully as if set forth herein.
This court, in its ruling as articulated in its memorandum of decision, has found that the plaintiff's cause of action is barred by the three year limitation period imposed by § 52-577 of the General Statutes because "the act or omission complained of occurred no later than April 22, 1985, and the plaintiff's action was not commenced by service of the complaint on the defendant until July 27, 1992. The plaintiff argues that, as stated in her counteraffidavit filed in opposition to the motion for summary judgment, she did not learn of the defendant's alleged negligence until December of 1989, more than eighteen months after the expiration of the three year statutory limitation period, and that she was therefore deprived of her "right to redress" under article first, § 10 of the state constitution, in that the statute barred her claim of legal malpractice against the defendant before her cause of action had accrued.
The plaintiff's constitutional claim is based on article first, § 10 of the Connecticut constitution which provides that "[a]ll courts shall be open, and every person, for an injury done to him in CT Page 12088 his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale denial or delay."
The effect of the incorporation of this provision into the constitution 1818 was to recognize all common law rights that existed at the time of its adoption "and removed from the power of the legislature the authority to abolish those rights in their entirety." Gentile v.Altermatt, 169 Conn. 267, 286.
In two recent cases where the constitutional issue raised by the plaintiff in this case was implicated but not decided, our Supreme Court reaffirmed its previous interpretation of the identical language used in § 52-577 by holding that where the legislature uses the phrase "the date of the act or omission complained of" as the event triggering the running of the limitations period for bringing the action, the statute must be construed to bar the particular cause of action from the date of the "act or omission" even where the plaintiff could not reasonably have discovered the basis for a claim within that period. McDonald v. Haynes Medical Laboratory, Inc.,192 Conn. 327, 333-34; Stein v. Katz, 213 Conn. 282, 285. InMcDonald, former Chief Justice Speziale wrote a concurring opinion in which he stated that the questions reserved for the advice of the court "do not question, and therefore we do not decide," whether either of the statutes of limitation construed by the court in that case "withstands a challenge based on article first, § 10 of the Connecticut constitution. . . ."
The constitutional question as framed by the parties in Stein, supra, 286, a dental malpractice case, was whether the three year period of repose contained in § was unconstitutional as violating the so-called remedy clause of the state constitution if it cut off some or all of the plaintiff's claims prior to the time she discovered, or should have discovered, that she had sustained an injury. The court did not address the issue, however, because her action, as a result of the defendant's death while it was pending, "would not have been viable at common law and, therefore, does not qualify for the protection afforded by article first, § 10 against legislative abolition." Id. 287-88.
The plaintiff asserts in this case that her claim is constitutionally protected because legal malpractice based on negligence has been a common law right of action since at least 1809 based on the Supreme Court's decision in Huntington v. Rumnill, 3 Day 390. See also Sohn v. Berstein, 279 A.2d 529, 532 (Me. 1971). She argues in her brief 9p. 15) that "[s]ince there was a right to redress for CT Page 12089 injuries resulting from an attorney's negligence when Article First § 10 was adopted in 1818, the legislature cannot completely bar a right of action for that type of injury [and that because] the statute of limitations, as applied, completely bars Ms. Sanborn's cause of action, and that there are no reasonable legislatively created alternatives for legal malpractice based on negligence, C.G.S. § 52-577 is unconstitutional as applied."
Statutes of limitations represent a legislative judgment "that it is unjust to fail to put the adversary on notice to defend within a specified period of time," and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.United States v. Kubrick, 444 U.S. 111, 117 (1979). "It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims [but] that is their very purpose [and we] should give them effect in accordance with what we can ascertain the legislative intent to have been." Id. 125.
"There is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute which starts the limitation of actions for negligence running from the date of `the act or omission complained of,' even though at that date no person has sustained damage and therefore no cause of action has come into existence." Vilcinskasv. Sears, Roebuck Co., 144 Conn. 170 at 174. Such a provision promotes the principal purpose of statutes of limitations which "is to prevent the unexpected enforcement of stale claims," and it is consistent with that purpose to enact such a statute despite the fact that it "may on occasion bar an action even before the cause of action accrues." Id. 175.
Claims very similar to that advanced by the plaintiff, namely, that a statute of repose arbitrarily denies a putative litigant's right of free access to the court system and destroys the remedy before the cause of action has accrued, have been rejected under "open courts" or "free access to courts" provisions of the constitutions of other states. See, e.g, Alexander v. Beech AircraftCorp. , 952 F.2d 1215, 1224 (10th Cir. 1991). The court of appeals in Alexander applied the reasoning of the Supreme Court of Indiana that "since there is no vested property right in an unaccrued cause of action, the Indiana legislature was free to limit such causes of action as it saw fit." Id. (citing Kelemen v. RimrockCorp. , 207 Conn. 599).
The Supreme Court made specific reference to the tort statute of CT Page 12090 limitations, § 52-577, when it stated in McDonald v. Medical Laboratory, Inc., supra, 192 Conn. 332, that "[d]espite the fact that the General Assembly spoke in clear and precise language previously interpreted by this court (citation omitted) the plaintiffs, relying upon cases from other jurisdictions, would have this court, `balance the equities between the rights of a injured plaintiff and the rights of a defendant to defend . . . against stale claims,' and except from the statutes' coverage instances where the injury is inherently undiscoverable." The court noted that the cases cited by the plaintiffs in that case were "accrual" or "discovery" statutes which were quite unlike ours and emphasized the fact that "[i]t is not the function of this court to alter the will of the legislature merely because the results are unfair." Id. 334.
The right of a person to the remedies which the law furnishes for the enforcement of one's rights, such as a statute of limitations, is not such a vested right that it may not be changed or taken away by the legislature. Mechanics' Farmers' Bank: Appeal from Probate,31 Conn. 63, 73. In any event, a time limitation in a statute which does not itself create the right or cause of action to which it relates "is considered merely to act as a bar to a remedy otherwise available." Ecker v. West Hartford, 205 Conn. 219, 231-32.
Although the unavoidable result of construing the "clear and precise" language used by the legislature in General Statutes § 52-577 may be harsh because the plaintiff "may very well be foreclosed from any remedy for what might have been an actionable injury [it] is within the General Assembly's constitutional authority to decide when claims for injury are to be brought." Burns v. HartfordHospital, 192 Conn. 451 at 460. "The plaintiff has not been deprived of an opportunity to bring an action [because the] opportunity was there, but was limited by time." Vessichio v. Hollenbeck,18 Conn. App. 515 at 520.
For the foregoing reasons, the plaintiff has failed to demonstrate beyond a reasonable doubt that the statute as applied in this case violates her right to redress guaranteed by article first, § 10
of the Connecticut constitution.
Accordingly, the plaintiff's motion to vacate the summary judgment rendered on January 18, 1994 is denied. CT Page 12091