[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs Pompeo Gatto, Gino Gatto and Thomas Gatto, as co-executors of the estate of Salvatore Gatto, and Santa Silipo Gatto, have filed a complaint in two counts against the defendants County Coach Corporation (County Coach) and A.M. Dimenna. In the first count, for wrongful death, the plaintiffs allege that on or about May 19, 1989, a bus owned by County Coach and negligently operated by Dimenna, an employee of County Coach, collided with the motor vehicle owned and operated by Salvatore CT Page 1588-A Gatto, causing the vehicle to be pushed into a stone wall and causing Salvatore Gatto to suffer "fatal injuries" and damages. The plaintiffs claim that as a result of the negligence of Dimenna, Salvatore Gatto "suffered severe trauma to his lower limbs causing deep vein thrombosis which was a proximate result of his death on January 21, 1994." The plaintiffs further allege that as a result of the negligence of Dimenna, Salvatore Gatto suffered physical and emotional pain and anguish, and was unable to carry on life's activities, including earning wages, for a long period until his death.
In count two of the complaint, the plaintiff Santa Gatto, the wife of the decedent Salvatore Gatto, asserts a claim for loss of consortium, alleging that as a result of the negligence of Dimenna, and the "injuries and subsequent death" of her husband, she was denied, and continues to be denied, the "society, companionship, affection, company, cooperation, fellowship and aide and assistance in all of the relations of domestic life of her husband, Salvatore G. Gatto."
The defendants have filed a motion to dismiss the plaintiffs' CT Page 1588-B action on the ground of lack of subject matter jurisdiction.
Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v.Malkowski, 189 Conn. 101, 105-06, 454 A.2d 275 (1983). "[T]he question of the subject matter jurisdiction of the court may be raised at any time . . . ." (Citations omitted.) LaCroix v. Boardof Education, 199 Conn. 70, 80 n. 8, 505 A.2d 1233 (1986).
"As a general rule, if a statute creates a cause of action that did not exist at common law, the period established for bringing the action is a limitation of the liability itself, and CT Page 1588-C not of the remedy alone. . . . In such a case, if a plaintiff has failed to comply with the limitation period, a court should dismiss the action for lack of subject matter jurisdiction . . . . If, however, an action is barred by a statute of limitations period that does not inhere in the action itself, the remedy is not a dismissal but a judgment for the party asserting the bar." (Citations and internal quotation marks omitted.) Wilson v. Kelley, 224 Conn. 110, 123, 617 A.2d 433
(1992); see also Ecker v. Town of West Hartford, 205 Conn. 219,231-34, 530 A.2d 1056 (1987).
 I WRONGFUL DEATH
In support of the motion to dismiss the plaintiffs' action, the defendants argue that the court lacks subject matter jurisdiction because the plaintiffs brought the action outside of the statute of limitations. Specifically, the defendants argue that the plaintiffs' action is governed by General Statutes §52-555 which requires that for injuries first sustained prior to CT Page 1588-D October 1, 1991, an action for injuries resulting in death must be brought within two years from the date of the injury, and no later than three years from the date of the act or omission. The defendants argue that the plaintiffs' action is barred because they commenced this action in May, 1994, for injuries, which allegedly resulted in death, from an accident which occurred on May 1, 1989.
In opposition to the motion to dismiss, the plaintiffs do not dispute the applicability of § 52-555, however, the plaintiffs argue that § 52-555 violates their right to equal protection of the law under the fourteenth amendment of the United States constitution and the Connecticut constitution, article first, §§ 1, 8, 10 and 14; and their right to a trial by jury under the Connecticut constitution, article first, §19.
General Statutes § 52-555, as it was in effect for injuries first sustained prior to October 1, 1991, provided:
 In any action surviving to or brought by an executor or administrator for injuries resulting in death . . . such CT Page 1588-E executor or administrator may recover from the party legally at fault for such injuries just damages . . . provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.[1]
See also McDonald v. Haynes Medical Laboratory, Inc., 192 Conn. 327,334, 471 A.2d 646 (1984) (holding that the three year limitation of General Statutes § 52-555 begins to run from the date of the negligent act).
The Connecticut Supreme Court has determined that because no cause of action for wrongful death existed at common law, or exists today except as provided by statute, the time limitation contained in § 52-555 is "a jurisdictional prerequisite which cannot be waived and which must be met in order to maintain an action under § 52-555." Ecker v. Town of West Hartford,
supra, 205 Conn. 226-34. The court further held that because CT Page 1588-F "§ 52-555 creates liability where none formerly existed, the statute must be strictly construed and we are not at liberty to extend, modify or enlarge its scope through the mechanics of construction." Id., 233.
The act of negligence "complained of" is the collision which occurred on May 19, 1989, as alleged in the plaintiffs' complaint. See McDonald v. Haynes Medical Laboratory, Inc., supra, 192 Conn. 334. Because the plaintiffs commenced this action more than three years from the act complained of, the plaintiffs' wrongful death claim is barred by the statute of limitations and the court lacks subject matter jurisdiction over it. See Ecker v. Town of West Hartford, supra,205 Conn. 226-34.
The plaintiffs' argument that § 52-555 is unconstitutional in that it violates the fourteenth amendment of the United States constitution and the Connecticut constitution, article first, §§ 1, 8, 10, 14, 19 and 20, is without merit.
In Ecker, the Connecticut Supreme Court addressed the CT Page 1588-G constitutionality of § 52-555. Specifically, the court recognized that § 52-555 "creates a remedy where none previously existed, and the addition of the three year repose period does no more than redefine the time within which that remedy may be sought." Id., 235. The court then held that "§52-555 does not violate the Connecticut constitution, article first, § 10, because the repose period does not abrogate common law or statutory rights of action that existed in 1818 when that provision of the Connecticut constitution was first adopted." Id., 236.
With regard to equal protection, the court recognized that "[i]t cannot seriously be argued that a statutory entitlement to sue for wrongful death of another is itself a fundamental or constitutional right." (Internal quotation marks omitted.) Id., 238. The court stated "[w]e cannot conclude that § 52-555 is unconstitutional under article first, § 20, merely because the three year period it contains is unfair at times. Statutes of limitation find their justification in necessity and convenience rather than logic . . . There is no reason, constitutional or otherwise, which prevents the legislature from establishing a CT Page 1588-H three year period that runs from the date of the act or omission complained of, as was done here, even though at that date no person had sustained damage and therefore no cause of action had come into existence . . . . Individual rights and remedies must at times and of necessity give way to the interests and needs of society." (Citations and footnote omitted.) Id., 240-41.
The constitution of Connecticut, article first, § 19, provides that "[t]he right of trial by jury shall remain inviolate." The issue of whether a plaintiff is entitled to a trial by jury arises after the plaintiff has properly asserted a cause of action. Accordingly, because the court lacks subject matter jurisdiction over the plaintiffs' claim for wrongful death, requiring that the claim be dismissed, the plaintiffs' contention that § 52-555 is unconstitutional in that it deprives them of their right to a jury trial is unavailing.
Article first, § 8, of the Connecticut constitution relates to the rights of an accused in a criminal prosecution and, therefore, is inapplicable to the present case.
II
CT Page 1588-I
LOSS OF CONSORTIUM
Although neither the defendants, in their motion to dismiss, nor the plaintiffs, in their opposition, address the second count of the complaint for loss of consortium, the court must do so in order to dispose of the motion which is addressed to the entire complaint.
The Connecticut Supreme Court has recognized the existence of a cause of action for antemortem loss of consortium. Ladd v.Douglas Trucking Co., 203 Conn. 187, 523 A.2d 1301 (1987). Specifically, the court in Ladd held that "a spouse may recover for antemortem loss of consortium in her individual capacity where her common law claim has been joined with the wrongful death action brought by the decedent's estate pursuant to §52-555." Id., 191. "An action for loss of consortium is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit by the injured spouse is barred." (Internal quotation marks omitted.) Sanzone v.Board of Police Commissioners, 219 Conn. 179, 199, 592 A.2d 912
CT Page 1588-J (1991), citing to Hopson v. St. Mary's Hospital, 176 Conn. 485,494, 408 A.2d 260 (1979); see also Fusaro v. Vacca, Superior Court, judicial district of New London, Docket No. 528048 (November 24, 1993, Hurley, J.) (dismissing claim for loss of consortium because it was derivative and dependent on the highway defect claim which was dismissed.)
In Ladd, the court, however, denied the existence of a cause of action for postmortem loss of consortium under Connecticut statutory or common law. Ladd v. Douglas Trucking Co., supra,203 Conn. 191-97. In response to Ladd, the legislature passed Conn. Pub. Acts No. 89-148 (1989) (General Statutes §§ 52-555a — 52-555d), which provides for a statutory cause of action for postmortem loss of consortium. See Andersen v. Smart,8 Conn. L. Rptr. 303 (February 2, 1993, Lewis, J.).
Specifically, § 52-555b provides that a claim for postmortem loss of consortium by one spouse, suffered due to the death of the other spouse, shall be brought with the claim relating to the death of the other spouse.[2] Section 52-555c(a) states that "[n]o action with respect to any claim or CT Page 1588-K cause of action for loss of consortium shall be commenced except within the time within which an action may be commenced with respect to the death of the other spouse in relation to which the action for loss of consortium arises.[3]
The second count of the plaintiffs' complaint alleges that "[a]s a result of the negligence and carelessness of the defendant, A. M. Dimenna, and of the injuries and subsequent death of Salvatore A. Gatto, the plaintiff, Santa Silipo Gatto, has been and continues to be denied the society, companionship, affection, company, cooperation.[,] fellowship and aide and assistance in all of the relations of domestic life of her husband, Salvatore G. Gatto." While it is not clear if count two is a claim for antemortem loss of consortium or postmortem loss of consortium, or both, in any event count two cannot stand.
If it is considered to be a claim for antemortem loss of consortium, it is derivative of the cause of action for the wrongful death of Salvatore Gatto, asserted in count one. SeeSanzone v. Board of Police Commissioners, supra, 219 Conn. 199. Therefore, because the cause of action for the wrongful death of CT Page 1588-L Salvatore Gatto is barred by the statute of limitations, the claim for antemortem loss of consortium is also barred. Id.
If count two is considered to be a claim for postmortem loss of consortium, the plaintiff did not commence the action within the three year period within which the action had to be commenced with respect to the death of her spouse, pursuant to § 52-555. See General Statutes § 52-555c(a). Because no action existed at common law for the postmortem loss of consortium; Laddv. Douglas Trucking Co., supra, 203 Conn. 191-97; the time restriction in § 52-555c(a) is a limitation of liability, and the plaintiff's failure to comply with the restriction deprives the court of subject matter jurisdiction. See Wilson v. Kelley, supra, 224 Conn. 123.
Accordingly, the motion to dismiss is granted, and the plaintiffs' action is dismissed in its entirety.
D'ANDREA, J.