[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRIES NO. 120 123)
In early June 1994, the plaintiff, Francis Audino, and the defendants Robert and Dorothy Austin began negotiations regarding sale of the condominium unit owned by the Austins. On June 25, 1994, the other defendants in this action, Governors Ridge Association (GRA)[1], issued a resale certificate to the CT Page 15875 plaintiff in accordance with General Statutes § 47-420. On June 27, 1994, the plaintiff purchased the unit from the Austins. On January 16, 1998, the plaintiff commenced this action seeking recovery against the parties from whom she purchased the condominium unit, the Austins, GRA and individual members of GRA's board all named as defendants (hereinafter "defendants"). The complaint alleges that foundation and settling problems occurring in two of the condominium buildings were known by the defendants and were not disclosed to the plaintiff. Individual condominium owners in the development are required to share common expenses resulting from needed repairs to common areas. Such repairs and maintenance costs are assessed against the owner of every unit in GRA based on the percentage of that unit's share of common elements throughout the complex thus subjecting the plaintiff to financial liability. The complaint alleges that GRA also failed to disclose this potential liability in the resale certificate it issued. As a result, the complaint alleges the plaintiff was unable to sell her unit in 1997 because GRA could not assure her, for purposes of the potential buyer, that no further assessments would be made against her unit to cover costs for addressing the damaged buildings.
The Second Revised complaint of June 8, 1999 alleges causes of action based upon common law theories of fraud and negligent misrepresentation as well as violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq. Both sets of defendants, the Austins and GRA, have filed motions to strike the complaint based on the statute of limitations as to all counts. The defendants have filed accompanying memoranda of law in support of their motions. The plaintiff has filed a memorandum in opposition thereto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . [In considering a motion to strike, the court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1998)
"A claim that an action is barred by the lapse of the statute CT Page 15876 of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . In two limited situations, however, [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer . . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 239-40,624 A.2d 389 (1993); see also Practice Book § 10-50.
The plaintiff's action was filed three and a half years after the alleged misconduct giving rise to the present motions to strike. The plaintiff responds that the defendants' motions to strike are improper as she has the right to plead in avoidance of the statute of limitations and, therefore, said ground of defense should be raised by special defense.
The plaintiff's common law allegations of intentional and negligent misrepresentation fall under the analysis of the first exception that allows the statute of limitations to be raised by a motion to strike. The specific issue is what does it mean for "[t]he parties [to] agree that the complaint sets forth all the facts pertinent . . ." Forbes v. Ballaro, supra,31 Conn. App. 239. In Forbes, "there was no need to wait for an answer to determine if the statute of limitations defense could be avoided if the answer could provide no new information. . . . [H]owever, there [was] no such agreement. The complaint did not state facts that the plaintiffs believed would toll the statute of limitations on their claims." Forbes v. Ballaro, supra,31 Conn. App. 440. Accordingly, the court concluded that: "The plaintiffs should be given the opportunity affirmatively to plead fraudulent concealment in avoidance of the statute of limitations defense. Id., 441.
The applicable statute of limitations in this case for the misrepresentation counts is General Statutes § 52-577 which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission CT Page 15877 complained of." The defendants maintain that the words "act or omission complained of" is confirmed in the case law as referring to the date the malfeasance or conduct occurs and not the date when the plaintiff is first aware of sustained damage. SeeMcDonald v. Haynes Medical Laboratory, Inc., 192 Conn. 327, 330,471 A.2d 646 (1984); and Prokolkin v. General Motors,170 Conn. 289, 294-97, 365 A.2d 1180 (1976). This definition forms the basis for the defendants' argument that the parties "agree" that the complaint contains all the facts needed to allow an effective time bar to be raised by a motion to strike. The defendants assert that the only act or omission that allegedly could have been conducted by them was the non-disclosure during either the negotiations, the issuance of the certificate or the sale itself, all occurring in 1994 as alleged in the complaint. The plaintiff responds that it is implicit in her claim that she did not learn of the structural problems until after the contracts of sale were signed. Indeed, in her revised complaint, the plaintiff avows that the defendants intentionally and fraudulently misrepresented settling problems of the buildings, the projected capital expenditures in the Resale Certificate and other material facts. (See plaintiffs revised complaint, June 8, 1999, count 1, p. 6, ¶ 6 31, count 2, p. 6, ¶ 31 and count 3, p. 7, ¶ 32)
"A motion to strike should not generally be used to assert a special defense because the facts in a plaintiff's complaint must be taken as true for purposes of the motion, without considering contrary facts proffered by a defendant to show that the action is time barred and because until the pleadings are closed the plaintiff has not had an opportunity to plead in avoidance of the statute." Girard v. Weiss, 43 Conn. App. 397, 416, 682 A.2d 1087, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996).
Here, the pleadings are not closed. Indeed, the defendants have not even filed an answer. Thus, the plaintiff has not had the opportunity to allege facts which may toll the statute of limitations defense. See Girard v. Weiss, supra,43 Conn. App. 416. The court concludes that the defendants should raise the statute of limitations defense to the first seven counts by special defense, not a motion to strike. See id. Therefore, the defendants' motion to strike counts one through seven of the complaint are denied.
Next, the defendants argue that the motion to strike count eight, the CUTPA count, is proper because it falls under the second exception that allows the statute of limitations to be CT Page 15878 raised by a motion to strike. As previously stated, the second exception exists when the limitation period is specifically created and enumerated in the statute creating the cause of action. See Forbes v. Ballaro, supra, 31 Conn. App. 239-40. The plaintiff argues that she should be given the same opportunity as the previous seven defenses to plead in avoidance of the time bar.
The statute creating the CUTPA right of action states that [a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes § 42-110g (f). Based on the alleged conduct occurring in the summer of 1994 and the complaint being filed in 1998, it would appear that the CUTPA claim is not timely. See General Statutes § 42-110g (f). The only question left is whether the CUTPA limitation of action should be treated the same way as the common law counts of misrepresentation above were treated in allowing the plaintiff an opportunity to plead in avoidance of the time bar defense.
"In Fichera v. Mine Hill Corp. , 207 Conn. 204, 209-10 n. 3, 216, 541 A.2d 472 (1988), this court determined that a CUTPA claim based on a single act that had occurred more than three years prior to the commencement of the action was time barred despite the fact that the plaintiff had not discovered the injury until eleven months before the action was filed. Although the trial court had based its allowance of the CUTPA claim on theory of continuing duty to disclose and had not reached the issue of fraudulent concealment, this court determined that there was no continuing duty and that, even if the fraudulent act was self-concealing, the statute of limitations under CUTPA would not be tolled. . . . Since CUTPA violations are defined in General Statutes 42-110b to include deceptive acts or practices in the conduct of any trade or commerce, it is evident that the legislature intended that the perpetrators of such fraudulent practices, as well as other CUTPA violators, should be permitted to avail themselves of the statute of limitations defense provided by 42-110g (f). Despite the existence in other states of statutes of limitation applicable to unfair trade practices establishing a limitation period for bringing an action that begins after discovery of the violation, our legislature has failed to create such an option for victims of CUTPA violations in this state. . . . Therefore, if the deceptive acts that the jury reasonably could have found form the basis of the CUTPA claim occurred more than three years prior to the commencement of CT Page 15879 the action, that claim is time barred.
"Fichera stands for the proposition that an arguably fraudulent or deceptive act that is itself claimed to be a CUTPA violation that occurred more than three years before the filing of the action cannot, by itself, toll the statute of limitations." (Citations omitted; internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp. , 245 Conn. 1, 45-46, 717 A.2d 77 (1998).
Moreover, the CUTPA portion of the General Statutes does not contain a section that tolls the running of the limitation time period as does the statute of limitations for common law tort actions. General Statutes § 52-595 reads: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." No such tolling provision is found in the CUTPA chapter. Compare General Statutes §§ 42-110g (f) and 52-595. Indeed, "General Statutes § 42-110g (f) provides that an action for a violation of CUTPA `may not be brought more than three years after the occurrence of a violation of this chapter.'"Krondes v. Norwalk Savings Society, 53 Conn. App. 102, 113 n. 8,728 A.2d 1103 (1999).
Here, the plaintiff cannot plead in avoidance of the CUTPA statute of limitations. See Willow Springs Condominium Assn.,Inc. v. Seventh ERT Development Corp. , supra, 245 Conn. 45-46. Consequently, the court grants the defendants' motion to strike count eight of the plaintiff's complaint.
Therefore, for all the reasons set out above, the defendants' motion to strike counts one through seven of the plaintiff's second revised complaint is denied and the motion to strike count eight is granted.
SKOLNICK, J.