THE STATE OF CONNECTICUT *vs.* CHARLES H. LAY.

First Judicial District, Hartford, May Term, 1912.

HALL, C. J., THAYER, RORABACK, WHEELER and CURTIS, Js.

Every presumption and intendment should be made by the courts in favor of the validity of a legislative Act, and it is only when its unconstitutionality is clear and manifest that it will be so declared.

Chapter 163 of the Public Acts of 1911 provides, among other things, that the records of any bureau or agency conducted for the purpose of preserving and furnishing to its members, or to others, information descriptive of the character, skill, acts, or affiliations, of any one whereby his reputation, standing in a trade, or ability to secure employment may be affected, shall at all times be open to the inspection of the commissioner of labor statistics, who shall also be promptly informed as to the name and exact business address of any such bureau or agency, and the names of its officers and members. *Held* that these requirements, which obviously were

intended to promote the public welfare, were not so clearly and manifestly beyond the legitimate field of legislation as to be adjudged unconstitutional.

The determination of what laws are essential to the general welfare is a matter peculiarly appropriate to the legislative department.

Argued May 14th—decided October 3d, 1912.

INFORMATION in two counts charging the defendant, as secretary of the Manufacturers' Association of Hartford County, with a violation of chapter 163 of the Public Acts of 1911 (p. 1427), concerning "blacklisting," in refusing to furnish to the Commissioner of the Bureau of Labor Statistics the names of the members constituting said association, and in refusing to permit said commissioner to inspect the books, papers, and records of said association, brought to the Superior Court in Hartford County where the defendant's demurrer to the information was overruled and the cause tried to the jury before *Greene, J.;* the jury returned a verdict of guilty on each of the two counts of the information, and the court rendered judgment that the defendant pay a fine of $50 on each of said counts, from which he appealed. *No error.*

*Ralph O. Wells* and *Clement Scott,* for the appellant (defendant).

*Hugh M. Alcorn,* State's Attorney, for the appellee (the State).

CURTIS, J. The defendant was informed against, tried, and convicted of a violation of certain provisions of chapter 163 of the Public Acts of 1911. This Act provides as follows:—

"SECTION 1. No person or corporation, nor any agent or attorney thereof, nor any association of persons or corporations, shall maintain, subscribe to,

The State *v.* Lay.

belong to, or support any bureau or agency conducted for the purpose of preserving and furnishing to any member thereof or to others information descriptive of the character, skill, acts, or affiliations of any person whereby his reputation, standing in a trade, or ability to secure employment may be affected, unless a complete record of such information shall be open at all reasonable times to the inspection of the person to whom such information relates, or his duly authorized agent or attorney. All items of information pertaining to each person so described shall be recorded, in reasonably clear and unambiguous terms, on a single sheet or card, and all records preserved in any such bureau or agency shall be at all times open to the inspection of the commissioner of the bureau of labor statistics. The name of the person or corporation, together with the names of the officers of any such corporation, conducting any such bureau or agency, the exact business address of such bureau or agency, and the name of every subscriber thereto or member thereof shall be furnished promptly to the commissioner of the bureau of labor statistics and by him recorded and preserved in a convenient form for public inspection.

"SEC. 2. Any person or corporation, or any officer or employee of any bureau or agency subject to the provisions of this act, who shall violate any of said provisions shall be fined not less than fifty dollars nor more than two hundred dollars for each offense.

"SEC. 3. This act shall not apply to religious or charitable institutions maintained solely for humanitarian purposes; nor to agencies maintained solely for the purpose of vending employment and in which persons seeking such employment duly authorize the registration of their names and qualifications; nor to companies, agencies, or associations conducted solely for the purpose of preserving records and furnishing re-

ports of financial standing and personal or business credit; nor to the private records of employees kept by any person or corporation to be used in accordance with the provisions of chapter 153 of the public acts of 1909."

The accused was the secretary of the Manufacturers' Association of Hartford county.

It was admitted on the trial that "said association maintains a central bureau, conveniently located, for two purposes: first, for the purpose of supplying to members of said Association suitable employees when and as needed; and second, for the purpose of furnishing information to members relative to the health, character, reputation, habits, disposition, efficiency and capacity as wage earners of persons applying to members for employment as such information may be determined, and reported to said Association by the former employer or employers of such persons. In determining the history of applicants in this respect, it is customary to accept as final the report of the foreman under whom said persons may have worked; and the persons affected by the record thus obtained concerning them are without any knowledge or means of knowledge of the contents of such report and do not know whether it is or may be used either in favor of or against them when seeking employment elsewhere."

It was admitted that said central bureau keeps a record of persons employed by most of its members and of persons who have left the employ of members, which record contains information as to employees obtained as stated above.

The defendant was the agent in charge of said central bureau.

Acting under the provisions of § 1 of this Act, the commissioner of the bureau of labor statistics applied to the defendant, as secretary of such association in charge of the central bureau of the association, for

an inspection of the records of said association and for the information, which the Act provides shall be promptly furnished to such commissioner, and the defendant refused to permit the inspection or to furnish the information.

The defendant demurred to the information brought against him on the ground that the public act in question was repugnant to the Constitution of the State of Connecticut and also to that of the United States. The demurrer was overruled, and upon the trial the court was requested to charge the jury that the said public act was invalid. The court refused to do so and the defendant was found guilty. He now appeals, and his reasons of appeal are confined to the question of the validity of the said public act.

Courts in passing upon the validity of a legislative Act do not feel justified in declaring a law void, unless there is a "clear and unequivocal breach of the Constitution, not a doubtful and argumentative implication." *Cooper* v. *Telfair*, 4 Dall. (Pa.) 14, 19. "Nor must we be unmindful that within reasonable limits the legislative department is the judge of what will constitute a public use, and that the widsom of its Act is not our concern. Considerations of public policy which might, and perhaps should, make their appeal to the practical judgment of the legislative body, are not relevant to our determination and must not be permitted to influence our decision." *Beach* v. *Bradstreet*, 85 Conn. 344, 350, 82 Atl. 1032. "It is our duty to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the Act unless its invalidity is, in our judgment, beyond a reasonable doubt." *Beach* v. *Bradstreet*, 85 Conn. 344, 349, 82 Atl. 1032.

The precise question presented by this record is the validity of this public act in so far as it imposes duties

The State *v.* Lay.

upon the supporters and maintainers of such a bureau as the defendant had charge of, to grant an inspection of its records and furnish certain information to the commissioner of the bureau of labor statistics as prescribed in the Act.

The legislature in this Act declares by implication that the public welfare requires that the voluntary maintenance of such a bureau should be under such relations to the bureau of labor statistics as the statute provides. This court cannot find that the legislature is wrong in this conclusion. What legislation is essential to the general welfare is a matter peculiarly adapted to legislative investigation and decision. *Noble State Bank* v. *Haskell*, 219 U. S. 104, 113, 575, 31 Sup. Ct. Rep. 299. The provisions of this Act relating to such duties and rights as pertain to the commissioner of the bureau of labor statistics are not so clearly and manifestly beyond the legitimate field of legislation as to be invalid. The purpose of this legislation, in the particulars now under consideration, reasonably may have been esteemed by the legislature of such importance to the general welfare for statistical or other lawful purposes of such bureau of labor statistics, under the statute governing it, as to make the provisions relating to the commissioner of the bureau of labor statistics a valid exercise of legislative power.

It is unnecessary at this time to consider the validity of the Act in any other relation.

There is no error.

In this opinion the other judges concurred.