O. Minson Edwards *v.* City of Hartford et al.

Wynne, C. J., Baldwin, Daly, King and Murphy, Js.

Argued February 5—decided March 6, 1958

142

*Abraham A. M. Schweitzer,* with whom was *John W. Joy,* for the appellant (plaintiff).

*Jerome T. Malliet,* assistant corporation counsel, with whom, on the brief, was *Frank A. Murphy,* corporation counsel, for the appellees (defendants).

MURPHY, J. The plaintiff has appealed from the judgment of the Court of Common Pleas denying him damages from the defendants under a complaint charging false arrest and imprisonment and seeking recovery of the expense to which he was put in reclaiming his automobile after it was impounded by the Hartford police under an ordinance which permits removal of vehicles parked in prohibited areas.

The finding, with such corrections as are warranted, shows that the plaintiff, an out-of-state visitor, parked his automobile at a parking meter on Main Street in Hartford about 4:45 p.m. on April 18, 1956. The space was within an area in which the parking of vehicles was prohibited from 4:30 p.m. to 6 p.m. because of heavy traffic conditions. Shortly after parking, the plaintiff observed that his automobile was being pushed by a tow car owned by the defendant Benjamin Webber, a garage owner, and operated at the time by one of his employees. The tow car was towing another automobile. Officer William J. O'Brien had placed a parking violation tag on

the plaintiff's car and had directed the operator of the tow car to remove it to the city pound. A helper on the tow car placed jumper wires on the ignition of the plaintiff's car and got behind the wheel to steer it while the wrecker pushed it to start the motor. The car had been pushed about fifty feet to an intersection when the plaintiff overtook it, got in through the door on the right-hand side, grabbed the shift lever and stopped the car abruptly. He ordered the garageman to get out of the car, but the latter, instead of doing so, summoned Officer James F. Haddon, who was directing traffic at the intersection. Officer Haddon twice ordered the plaintiff to get out of the car, but he refused to do so. Officer Kenneth L. Doner, a motorcycle policeman, then rode up to the car, and Officer Haddon resumed the direction of traffic. Officer Doner explained to the plaintiff that his car had been tagged for illegal parking, that it was being towed from the scene under direction of the police department and that it would be necessary for the plaintiff to go to the police station to pay for the traffic violation and then to retrieve his car from the pound. The plaintiff refused to leave the car or heed the officer's suggestion. In a loud voice he likened the officer to a god or a dictator. A crowd collected. The plaintiff wanted to drive his car away and offered to pay for the parking violation, but Officer Doner told him that he could not do so and that the car had been impounded. Officer Doner placed the plaintiff under arrest and charged him with breach of the peace. The patrol wagon was summoned and the plaintiff was taken to the police station, where he put up a cash bond for his appearance in police court. At the police station he paid $1 for the parking violation, and he recovered his car from the pound upon the payment of $5.15, covering the

towing charge and state tax. The charge of breach of the peace was nolled the following morning after the case had been partly tried.

The defendants are the city of Hartford; Michael J. Godfrey, its chief of police; Officer Doner; and Webber. The plaintiff claims that the ordinance is unconstitutional in that it provides for the removal of cars whether they are occupied or not; that Officer Doner was guilty of false arrest and imprisonment; and that Webber was responsible for the illegal act of his employee in removing the plaintiff's automobile to the pound.

The ordinance under which the police operated reads: "Whenever any vehicle is found parked in a place where parking is not permitted, it may be removed and conveyed by, or under the direction of, a member of the police department by means of towing, or otherwise, to a vehicle pound." Section 2350 (30) of the General Statutes defines a parked vehicle. It reads: " 'Parked vehicle' shall mean a motor vehicle in a stationary position within the limits of a public highway." It makes no distinction between cars that are occupied and those which are not. Section 2485 (now Public Acts 1957, No. 13, § 74) provided that "authorities of any town, city or borough shall have power to establish and enforce ordinances fixing . . . traffic rules for all vehicles."

The plaintiff, in his brief, attempts to change his claim of law respecting the constitutionality of the ordinance to read that it is unconstitutional because it permits cars to be towed away where the operators are present and willing to drive them away. We are not bound to consider this claim, since it was not made in the trial court. *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A.2d 546. However, the short answer to it, as well as to the claim originally

advanced, is that the vehicle was not occupied, nor was the plaintiff present, when it was tagged and Officer O'Brien directed its removal.

The power to regulate the use of streets and highways by restrictions on the parking of vehicles is one universally recognized, and its reasonable exercise is consistently upheld. The power is in the legislature. It may be delegated by it to its municipal subdivisions. The common way of enforcing parking regulations, restrictive as to time, is by the use of a police officer. *Cassidy* v. *Waterbury,* 130 Conn. 237, 239, 33 A.2d 142. Courts in passing upon the validity of a legislative act do not feel justified in declaring it void unless there is a clear and unequivocal breach of the constitution, not a doubtful and argumentative implication. We approach the question with great caution, examine it with infinite care, make every presumption and intendment in favor of validity, and sustain the act unless its invalidity is, in our judgment, beyond a reasonable doubt. *State* v. *Lay,* 86 Conn. 141, 145, 84 A. 522; *State* v. *Gordon,* 143 Conn. 698, 703, 125 A.2d 477. The ordinance is not unconstitutional.

Nor can we hold that Officer Doner, under the circumstances, was not justified in placing the plaintiff under arrest. The plaintiff's conduct was such that it attracted a crowd and justified the officer in assuming that there was a breach of the peace or, for that matter, an attempt to obstruct a police officer in the performance of his duties. General Statutes § 8502.

The plaintiff also contends that the ordinance is in conflict with General Statutes § 2513, which prohibits the towing of more than one vehicle at a time, and § 2469, which prohibits tampering with a motor vehicle without permission of the owner. As to the first claim, there is nothing in the record to show

146

that more than one vehicle was being towed. The purpose of § 2469 is to prevent the unauthorized interference or tampering with a motor vehicle. The statute has no application to authorized interference or tampering, whether it takes place under authority of the owner or custodian or, as here, under authority of the law. The ordinance was not unconstitutional because the helper on the tow car used jumper wires in the attempt to start the motor so that the vehicle could be driven to the pound without being pushed all the way.

There is no error.

In this opinion the other judges concurred.