[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MERIDEN-WALLINGFORD HOSPITAL'S MOTION FOR SUMMARY JUDGMENT (#136) and DEFENDANT'S WILLIAM L. WOODS, INDIVIDUALLY AND WILLIAM L. WOODS, R.P.T., P.C. MOTION FOR SUMMARY JUDGMENT (#137)
On May 27, 1992, pursuant to Connecticut General Statutes 52-190a, the plaintiff filed a petition for the extension of the statute of limitations with the court in order to investigate whether good cause existed to believe that there had been negligence in the care of the plaintiff. On May 28, 1992, the court granted the plaintiff a ninety day extension for filing suit. On August 24, 1992, the plaintiff filed this three-count medical malpractice action against William Woods, Registered Physical Therapist, individually, and William Woods, R.P.T.P.C. a professional corporation[1] ("Woods, P.C."), in the first count, and against the Veterans Memorial Medical Center, formerly known as the Meriden-Wallingford Hospital, ("Hospital") in the second and third counts. Service was made on all defendants on August 17, 1992. In count one of the amended complaint, the plaintiff alleges that in 1984 she was referred to Woods for the treatment of her right shoulder; that she received physical therapy treatments from December 16, 1985 to January 25, 1989; that within four months of the commencement of the physical therapy she developed sores on her shoulder which caused her considerable pain during the treatments; that she told Woods about the sores but he continued with the treatments; and that she developed basal cell carcinoma as a result of the negligence of the defendant Woods, and his agents and employees, in administering physical therapy treatments to her.
In count two of the amended complaint, the plaintiff alleges that Woods was the agent and employee of the Hospital and was acting within the scope of his employment while rendering physical therapy to the plaintiff. Therefore, the plaintiff alleges that the Hospital is vicariously liable for her injuries allegedly caused by Woods. In the third count, the plaintiff alleges that the Hospital failed to exercise reasonable skill and care in supervising, monitoring and training Woods.
On February 22, 1993, the Hospital filed an answer denying the CT Page 2717 material allegations of the complaint, and alleging by way of special defense that the plaintiff's claims were barred by the statutes of limitations and repose, General Statutes 52-584. On March 1, 1993, Woods filed a revised answer denying the material allegations of the complaint and alleging a special defense identical to that of the Hospital.
On September 16, 1993, both the Hospital and Woods moved for summary judgment (motions ##136 and 137, respectively). The basis of both motions is a claim that all counts of the plaintiff's action are barred by the statutes of limitations and repose under General Statutes 52-584, and therefore, they are entitled to judgment as a matter of law. In addition, the Hospital claims that it is entitled to summary judgment on the third count because the plaintiff has failed to produce expert testimony that the hospital deviated from the standard of care. Since the court has now granted the plaintiff's motion for extension of time in which to disclose an expert, this claim is not viable at this time. Because both defendants' motions relating to the statutes of limitations and repose are controlled by the same legal and factual issues, this memorandum will address both motions as one.
A summary judgment is granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384. The trial court "must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1990). The function of the trial court is to determine whether an issue exists, not to try it if it does. Fogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582 (1984). A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494, A.2d 555 (1985). Summary judgment may be granted when a claim is barred by the statute of limitations. Zapata v. Burns, 207 Conn. 504,542 A.2d 700 (1988).
General Statutes 52-584, on which the defendants rely for summary judgment, provides in pertinent part as follows:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton CT Page 2718 misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanitorium [sanitarium], shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
The ninety day extension of the statute of limitations, requested by the plaintiff on May 27, 1992, had the effect of adding ninety days to the two and three year statute of limitations periods. However, there is no claim by the plaintiff that this extension would revive an action or restart a statute of limitations which had expired prior to May 27, 1992. In order to obtain the ninety day extension, a petition must be filed with the clerk before the statute of limitations has run. See Gabrielle v. Hospital of St. Raphael, et al, 3 Conn. App. 378 (1994). Since suit actually was brought before the ninety day extension had expired, the basic question is whether either one or both of the two statutory periods had expired before May 27, 1992.
The defendants offer two related grounds for summary judgment. First, they claim that the plaintiff knew or should have known that she suffered an actionable harm more than two years prior to requesting the extension of the statute of limitations on May 27, 1992, and, therefore, the action is barred by the two year statute of limitations in General Statutes 52-584. Second, the defendants claim that the statute of repose in General Statutes 52-584, which bars any action which was brought more than three years after the alleged negligent conduct, bars the present action because the extension was not requested until May 27, 1992, more than three years after the last treatment provided to the plaintiff by defendant Woods on January 25, 1989.
With respect to the first ground, the two-year statute of limitations starts to run when a party suffers an actionable harm, i.e., when the "plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such an injury." (Citation omitted.) Champagne v. Raybestos-Manhattan Inc., 212 Conn. 509,521, 562 A.2d 1100 (1989). The "necessary ingredients" for "actionable harm" are a "breach of duty by the defendant and a casual connection between the defendant's breach of duty and the CT Page 2719 resulting harm to the plaintiff." Catz v. Rubenstein, 201 Conn. 39,44, 513 A.2d 98 (1986). "The focus is the plaintiff's knowledge of facts, rather than on the discovery of applicable legal theories." Id., 47. "As [the court] stated in Burns v. Hartford Hospital, 192 Conn. 451 (1984), the statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." (Emphasis in the original.) Lambert v. Stovell, 205 Conn. 1, 6, 529 A.2d 710 (1987).
In support of their motions for summary judgment the defendants offer the plaintiff's deposition transcripts wherein the plaintiff testified that she first noted the red burn marks on her shoulder within four months of commencing therapy with the defendant Woods, and that as early as four months into the treatment she had causally connected the physical therapy treatments to the red spots which she alleges eventually developed into cancer.
In connection with when the two-year statute began to run, it is the claim of the defendants that the period started in April, 1986 when she first developed the red burn marks on her shoulder which she related to the physical therapy treatments, and that it obviously expired long before May 27, 1992.
The plaintiff submits evidence in opposition, by way of the same deposition testimony, that she had informed Woods and his employees of her condition, and that the employees failed to stop or change her treatment or refer her to another physician to evaluate her condition. The plaintiff also submits a report, dated May 30, 1990 by Doctor Weinstein, diagnosing the condition on the plaintiff's shoulder to be basal cell carcinoma. Also, the plaintiff has submitted her deposition testimony wherein she states that she did not realize the condition on her shoulder was cancer until she was diagnosed by Dr. Weinstein on May 30, 1990.
Therefore, the plaintiff claims that the two-year statute did not begin to run until May 30, 1990, less than two years prior to May 27, 1992, while the defendants claim that the statute started to run in April, 1986 when she first noticed the burns on her shoulder.
The Connecticut cases have held that the statute of limitations period commences when the plaintiff has knowledge of facts which should make the plaintiff aware of the nature and extent of an injury, and also that the plaintiff have facts which CT Page 2720 should make the plaintiff aware of the defendant's wrongful conduct.
 Other jurisdictions have also held that a plaintiff must have discovered or in the exercise of reasonable care should have discovered the essential elements of a possible cause of action before the statute of limitations commences to run. "A cause of action will not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured by also that his injury may have been caused by the defendant's wrongful conduct." (Emphasis in original.) Brown v. Mary Hitchcock Memorial Hospital, 117 N.H. 739, 743, 378 A.2d 1138 (1977). "We hold that the statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another. The overwhelming majority of state appellate courts which have addressed the issue here have adopted the `legal injury' construction of the word here `injury' used in statutes of limitation governing medical malpractice actions. The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories. Decisions by the appellate courts of California, Hawaii, Iowa, Nevada, New Hampshire, New Jersey, North Dakota, Ohio, Oregon, Utah and West Virginia support this interpretation of the word `injury'". [Citations omitted].
Catz v. Rubenstein, 201 Conn. 38, 47 (1986).
Viewing the evidence in the light most favorable to the plaintiff, as the court is required to do, it is the opinion of the court that the defendants have failed to demonstrate that there is no genuine issue of material fact with respect to their claim that the two year statute of limitations had started to run more than two years prior to May 27, 1992. There remain genuine issues of CT Page 2721 material fact in connection with when the plaintiff was aware of facts which would have put her on notice of "the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." Catz v. Rubenstein., supra, 49.
The defendants argue as a second ground in support of granting the motion for summary judgment that the plaintiff's claim is barred by the statute of repose in General Statutes 52-584, which provides that "no such action may be brought more than three years from the date of the act or omission complained of." The defendants cite the plaintiff's complaint, which states that the plaintiff's last visit with defendant Woods was on January 25, 1989, and, therefore, they claim that the last possible day on which the plaintiff could allege a negligent act or omission by the defendant Woods was the last day of treatment.
As noted by the court in Catz v. Rubenstein, supra, 49, "the repose portion of 52-584 . . . bars the bringing of suit more than three years after the alleged negligent conduct of a defendant regardless of when a plaintiff discovers the proximate cause of his harm or any other essential element of a negligence cause of action." See also Stein v. Katz, 213 Conn. 282, 285,567 A.2d 1183 (1989); McDonald v. Haynes Medical Laboratory, Inc.,192 Conn. 327, 471 A.2d 646 (1984).
The plaintiff does not dispute that the last possible day on which the three year statute of limitations would have started to run was January 25, 1989, and that more than three years expired before the request for the extension of the statute of limitations was made on May 27, 1992. The plaintiff, however, argues that the three year statute of repose in General Statutes 52-584 is unconstitutional in its application to this case in that it violates article first, 10, of the Connecticut constitution. article first, 10, provides as follows:
 All courts shall be open and every person, for an injury done to him to his person, property or reputation, shall have a remedy by due course of law . . . .
The plaintiff relies on former Chief Justice Speziale's concurring opinion in McDonald v. Haynes Medical Laboratory, Inc., supra, 334, in which the Chief Justice noted that the court in McDonald did not address the constitutionality of the statute of repose under article first, 10. Chief Justice Speziale further CT Page 2722 noted that "[o]ther states that have held that statutes of limitations that begin to run before the occurrence of any injury violate state constitutional provisions similar to ours." (Citations omitted.) Id., 335.
In addition, the plaintiff cites the Superior Court case of Lange v. John Flynn, M.D., 2 CSCR 1032, 1033 (September 14, 1987, Maloney, J.), in support of the proposition that Connecticut's statute of repose is unconstitutional. In Lange, the defendant had treated the plaintiff in 1962 for injuries sustained when the plaintiff stepped on a piece of glass. The plaintiff's complaint alleged that the defendant had negligently failed to remove the broken glass, which was not discovered until complications developed in 1986 and the plaintiff had to have surgery to remove the remaining glass shards. The court, Maloney J., relied on the language of the court in Ecker v. Town of West Hartford, 205 Conn. 219,234, 530 A.2d 1056, (1987) which held that
 "where a right existed at common law or by statute in 1818 and became incorporated into the Connecticut constitution by the adoption of article first, 10, the legislature may restrict or abolish such incorporated right only where it provides a reasonable alternative to the enforcement of such a right."
Lange v. John Flynn, M.D., supra, 1033, quoting Ecker v. Town of West Hartford, supra. The court then found that the plaintiff's malpractice action was one that existed at common law prior to 1818, and therefore was incorporated into the Connecticut constitution. The court concluded that the legislature had not provided a reasonable alternative to the enforcement of the right, and therefore, it "could not constitutionally restrict the plaintiff's access to [the] court." Id. Therefore, the court denied the motion for summary judgment.
It should be noted that the cases cited by the plaintiff are factually distinguishable from the case at hand. In all of the above cited, the statute of repose ran prior to the actual injury manifesting itself or the plaintiff gaining knowledge of the actionable harm. McDonald v. Haynes Medical Laboratory, Inc., supra (plaintiff given erroneous blood test by defendant eight years prior to the plaintiff becoming pregnant and giving birth to baby affected with erythroblastosis fetalis; statute ran within CT Page 2723 three years of the erroneous blood test); Lange v. John Flynn, M.D., supra (plaintiff negligently treated by doctor and discovered actionable harm from complications arising more than twenty years after the alleged negligent treatment; statute ran within three years of treatment). In this case the plaintiff was aware of her actionable injury on the date of diagnosis, May 30, 1990, which was before the three year statute of limitations expired, but she neglected to assert her rights within the time period provided by the legislature. All of the cases cited by the plaintiff in support of her claim that the statute is unconstitutional are cases in which the plaintiffs did not have knowledge of the facts constituting actionable harm until after the three year statute had run.
One who challenges the constitutionality of a statute is faced with a formidable task. Every presumption is to be given in favor of the constitutionality of a statute.
 Our examination of 7-147 is guided by the maxim that "[i]n passing upon the constitutionality of a legislative act, we will make every presumption and intendment in favor of its validity. . . ." New Milford v. SCA Services of Connecticut, Inc., 174 Conn. 146, 148, 384 A.2d 337 (1977); Aunt Hack Ridge Estates, Inc. v. Planning Commission, 160 Conn. 109, 112, 273 A.2d 880 (1970); Edwards v. Hartford, 145 Conn. 141, 145, 139 A.2d 599
(1958. . . .
 The party challenging a statute's constitutionality has a heavy burden of proof; the unconstitutionality must be proven beyond al [all] reasonable doubt. State Management Assn. of Connecticut, Inc. v. O'Neill, 204 Conn. 746, 758, 529 A.2d 1276 (1987); State v. Hernandez, 204 Conn. 377, 385, 528 A.2d 794
(1987); University of Connecticut Chapter, AAUP v. Governor, 200 Conn. 386, 390, 512 A.2d 152 (1986); . . .
Bottone v. Westport, 209 Conn. 652, 657 (1989).
 "`[A] plaintiff, in challenging the constitutionality of a statute, must sustain the CT Page 2724 burden of proving that the effect or impact of the challenged statute on him adversely affects a constitutionally protected right which he has. "This means a right which he proves that he has under the facts of his particular case and not merely under some possible or hypothetical set of facts not proven to exist." Hardware Mutual Casualty Co. v. Premo . . . [153 Conn. 465, 471, 217 A.2d 698]' Adams v. Rubinow, 157 Conn. 150, 152, 251 A.2d 49." Again quoting from Adams v. Rubinow we also repeated in Kellems v. Brown, supra, 486: "It is well settled that a plaintiff who attacks a statute on constitutional grounds has no easy burden. As this court said in Adams v. Rubinow, . . . . `Because of the separation of powers, one claiming that a legislative enactment is invalid on the ground that it is unconstitutional must establish its invalidity on that ground beyond a reasonable doubt.'"
169 Conn. 267, 307-308 (1975).
The defendants appear to concede that a medical malpractice claim is the type of claim that did exist at common law prior to the adoption of our constitution in 1818, that it became a constitutionally incorporated right in the adoption of that constitution, and that therefore it cannot be restricted or abolished by legislative action unless a "reasonable alternative" to the enforcement of such a claim is provided. See Ecker v. Town of West Hartford, supra.
When 52-584 of the General Statutes was enacted it did not abolish medical malpractice claims. It did impose certain restrictions, one of which was a requirement that causes of action of this type must be brought within three years of the occurrence complained of. It is to be noted that another statutory restriction provides that a medical malpractice action cannot be instituted unless the attorney or party filing the action has first made a good faith determination that negligence in the care of treatment of the claimant does ext. See Connecticut General Statutes 52-190a.
The adoption of statutes of limitations represents an effort CT Page 2725 on the part of the legislature to balance the interest of plaintiffs, defendants, society in general, and the judicial system.
 We have stated in dictum that "`[t]here is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute, such as 8324 [now 52-584], which starts the limitation on actions for negligence running from the date of "the act or omission complained of," even though at that date no person has sustained damage and therefore no cause of action has come into existence. Indeed, such a provision accords with the purposes of statutes of limitation. One purpose is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution. Anderson v. Bridgeport, 134 Conn. 260, 266, 56 A.2d 650
[1947].' Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 174-75, 127 A.2d 814 (1956).] Again, one of the purposes of a statute of limitations is to protect a defendant from finding himself in a situation where, because of the lapse of time, he is unable to gather facts, evidence, and witnesses necessary to afford him a fair defense. For these reasons, the time for bringing an action starts at the time of the occurrence of the alleged negligence and not at the time when the person was injured. `It is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute, such as [52-584 or 52-577a], which may on occasion bar an action even before the cause of action accrues.' Vilcinskas v. Sears, Roebuck Co., supra, 175." Daily v. New Britain Machine Co., supra, 584.
Rose A. Zapata, Adm., et al v. J. Williams Burns, Comm. of Transportation, 207 Conn. 496, 508-09 (1988).
 The plaintiffs' next claim is that the trial court's rendering of summary judgment CT Page 2726 for the defendants premises on the inapplicability of General Statutes 52-592
and 52-593 violates the plaintiffs' right to redress guaranteed by article first, 10, of the Connecticut constitution. We disagree. The plaintiff has not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time. It is within the legislature's authority to determine how quickly actions for claims of injury must be brought. Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257 (1984).
Anthony Vessichio, et al v. Carl C. Hollenbeck, et al, 18 Conn. App. 515,520 (1989).
It is the position of the defendants that the imposition of the three year statute of limitations is a reasonable restriction on a cause of action which existed prior to the adoption of the 1818 constitution, and does not improperly restrict the plaintiff's constitutional right of access to the courts as provided in article first, 10, of the Connecticut constitution. In support of this claim the defendants point out that in this state, at common law prior to 1818, an action for trespass on the case, which is what a malpractice case historically is, was subject to a six year statute of limitations. Stein v. Katz, 213 Conn. 282, 287 n. 3 (1989).
The basic issue is whether the three year statute of repose as provided in 52-584 is a reasonable restriction on a claimant who wishes to assert a cause of action which is an incorporated common-law right since it existed at the time of the adoption of the 1818 constitution.
 The adoption of article first, 10, recognized all existing rights and removed from the power of the legislature the authority to abolish those rights in their entirety. Rather, the legislature retains the power to provide reasonable alternatives to the enforcement of such rights. Where such reasonable alternatives are created, the legislature may then restrict or abolish the incorporated common-law or statutory rights. Kluger v. White, supra; Ruben Williams, supra.
CT Page 2727
Louis A. Gentile et al v. Paul B. Altermatt et al, 169 Conn. 286,267-68 (1975).
In support of her claim that 52-584 is unconstitutional the plaintiff stresses that under some fact situations the three year statute of limitations will have expired before the claimant is even aware of the existence of the elements of the cause of action, and, in other situations the statute begins to run before the claimant is aware of the existence of the cause of action. In this case, the plaintiff became aware that she had a cause of action against the defendants at a point in time approximately twenty months before the three year statute of limitations expired.
As indicated above, the plaintiff must prove that under the facts of this case the three year statute of limitations has such an effect or impact on her that it violates a constitutionally protected right which she has and she must establish that violation beyond a reasonable doubt. In determining whether the plaintiff has made such a showing in this case, the court is required to "make every presumption and intendment in favor of its validity." New Milford v. SCA Services of Connecticut, Inc., supra.
The court finds that the plaintiff has not met the heavy burden of proving the unconstitutionality of 52-584 beyond a reasonable doubt. In view of this finding it therefore follows that the three year statute of limitations as provided in 52-584
had expired prior to May 27, 1992, when the plaintiff filed her petition for an extension of the statute of limitations, and this action is barred as to all defendants.
For the reasons above stated the motions for summary judgment filed by the Hospital (#136), and Woods (#137), are both granted.
Hadden, J.